UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gabriel F.,<br><br>                    Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>                    Defendant. | Case No.:   3:20-cv-02213-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS,**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, and**<br><br>**(3) DENYING PLAINTIFF'S MOTION TO AWARD BENEFITS**<br><br>**[ECF Nos. 2, 3, 4]** |

Before the Court are three motions filed by Plaintiff Gabriel F. ("Plaintiff"):

1. Motion for Leave to Proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915 (ECF No. 2),
2. Motion for Appointment of Counsel (ECF No. 3), and
3. Motion for Disability Benefits (ECF No. 4).

The Court will address each motion in turn.

/ /

## I. MOTION FOR LEAVE TO PROCEED IFP (ECF No. 2)

On November 13, 2020, Plaintiff brought this action against the Commissioner of Social Security, Andrew Saul, seeking judicial review of the Commissioner's final administrative decision denying his application for Social Security Supplemental Security Income Disability Benefits for lack of disability. ECF No. 1. Along with his Complaint, Plaintiff also filed a Motion for Leave to Proceed IFP under 28 U.S.C. § 1915. ECF No. 2.

### A. Legal Standard

A motion to proceed IFP presents two issues for the Court's consideration. First, the Court must determine whether an applicant properly shows an inability to pay the $400 civil filing fee required by this Court. *See* 28 U.S.C. §§ 1914(a), 1915(a). To that end, an applicant must also provide the Court with a signed affidavit "that includes a statement of all assets[,] which shows inability to pay initial fees or give security." CivLR 3.2(a). Second, § 1915(e)(2)(B)(ii) requires the Court to evaluate whether an applicant's complaint sufficiently states a claim upon which relief may be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

### B. Proceeding IFP

An applicant need not be completely destitute to proceed IFP, but he must adequately prove his indigence. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). An adequate affidavit should "allege[] that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339). No exact formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo*, 787 F.3d at 1235. Consequently, courts must evaluate IFP requests on a case-by-case basis. *See id.* at 1235–36 (declining to implement a general benchmark of "twenty percent of monthly household income"); *see also Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (requiring that district courts evaluate indigency based upon available facts and by exercise of their "sound discretion"), *rev'd on other grounds*, 506

U.S. 194 (1993); *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974).

An adequate affidavit should also state supporting facts "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citing *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). The Court should not grant IFP to an applicant who is "financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984); *see also Alvarez v. Berryhill*, No. 18cv2133-W-BGS, 2018 WL 6265021, at *1 (S.D. Cal. Oct. 1, 2018) (noting that courts often reject IFP applications when applicants "can pay the filing fee with acceptable sacrifice to other expenses"). Additionally, courts have discretion to make a factual inquiry and to deny a motion to proceed IFP when the moving party is "unable, or unwilling, to verify their poverty." *McQuade*, 647 F.2d at 940.

Here, Plaintiff states in his affidavit that he receives only $689.00 per month in income each month, providing in-home care for his mother. ECF No. 2 at 1, 5. His affidavit illustrates that his $693.00 in monthly expenses for utilities, groceries, clothing, transportation, car insurance, and alimony or support paid to others, exceeds his expected monthly income. *Id*. at 4–5. He has no other source of income or valuable assets, other than his vehicle. *Id*. 2–3. Considering the information in the affidavit, the Court finds that Plaintiff has sufficiently shown an inability to pay the $400 filing fee under § 1915(a).

**C.     Screening under 28 U.S.C. 1915(e)**

As discussed above, every complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 is subject to a mandatory screening by the Court under Section 1915(e)(2)(B). *Lopez*, 203 F.3d at 1127. Under that subprovision, the Court must dismiss complaints that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Social Security appeals are not exempt from this screening requirement. *See Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012) ("Screening is required even if the plaintiff pursues an appeal of right, such as an appeal of the Commissioner's denial of social security disability benefits

[under 42 U.S.C. 405(g)]."); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (affirming that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez*, 203 F.3d at 1129.

Rule 8 sets forth the federal pleading standard used to determine whether a complaint states a claim upon which relief may be granted. FED. R. CIV. P. 8; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("[A] complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "detailed factual allegations" are not required, but a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" to justify relief). A proper pleading "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions . . . will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations and quotations omitted) (referring to FED. R. CIV. P. 8).

For example, in social security cases, "[t]he plaintiff must provide a statement identifying the basis of the plaintiff's disagreement with the ALJ's determination and must make a showing that he is entitled to relief, 'in sufficient detail such that the Court can understand the legal and/or factual issues in dispute so that it can meaningfully screen the complaint pursuant to § 1915(e).'" *Jaime B. v. Saul*, No. 19cv2431-JLB, 2020 WL 1169671, at *2 (S.D. Cal. Mar. 10, 2020) (quoting *Graves v. Colvin*, No. 15cv106-RFB-NJK, 2015 WL 357121, at *2 (D. Nev. Jan. 26, 2015)). "Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong. The purpose of the complaint is to briefly and plainly allege facts supporting the legal conclusion that the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *2.

/ /
/ /

Having reviewed Plaintiff's Complaint, the Court finds Plaintiff has sufficiently stated a claim upon which relief may be granted. Specifically, Plaintiff appeals the Commissioner's denial of his benefits application on the grounds that: (1) the ALJ abused his discretion in denying Plaintiff's application for benefits; (2) the ALJ determined Plaintiff's residual functional capacity in a way that was not consistent with Plaintiff's demonstrated capacity; (3) there were inconsistencies in Plaintiff's qualifying dates; and (4) the ALJ denied Plaintiff's application because he incorrectly gave greater weight to an opinion of a state agency psychologist who spent 15 minutes evaluating Plaintiff and did not administer a psychometric standardized test. ECF No. 1 at 4, 8; ECF No. 1-5 at 5. The Court finds these allegations sufficiently specific to state a claim for reversal or remand of the Commissioner's decision.

### D. Summary

Based on the foregoing considerations, the Court **GRANTS** the Plaintiff's Motion to Proceed IFP (ECF No. 2).

In accordance with Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d), the Court **DIRECTS** the Clerk to issue the summons and to send Plaintiff a blank United States Marshal Service ("USMS") Form 285 along with certified copies of this Order and his Complaint (ECF Nos. 1, 1-1, 1-2, 1-3, 1-4, 1-5). Once Plaintiff receives this "IFP Package," the Court **ORDERS** him to complete the Form 285 and forward all documents in the package to the USMS. Upon receipt, the USMS will serve a copy of the Amended Complaint and summons on Defendant as directed by Plaintiff on the USMS Form 285. The United States will advance all costs of service. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3)

//

//

### II. MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 3)

Along with his complaint, Plaintiff also filed a motion for appointment of counsel. ECF No. 3. Plaintiff notes that he applied to proceed IFP and has been unable to secure

counsel. *Id.* at 2–3.

### A. Legal Standard

There is no constitutional right to appointment of counsel in a civil case, unless an indigent litigant's physical liberty is at stake. *Lassiter v. Dep't. of Soc. Servs.*, 452 U.S. 18, 25 (1981); *see, e.g.*, *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996) (collecting cases to show that it is "well-established that there is generally no constitutional right to counsel in civil cases"). Nevertheless, courts have discretion to request legal representation for "any person unable to afford counsel." *See* 28 U.S.C. § 1915(e)(1); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Courts have required that plaintiffs demonstrate they are indigent and that they have made a reasonably diligent effort to secure counsel before they are eligible for an appointed attorney. *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (extending the "reasonably diligent effort" standard used in *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1319 (9th Cir. 1981) to requests made pursuant to 28 U.S.C. § 1915); *see, e.g.*, *Verble v. United States*, No. 07cv0472 BEN-BLM, 2008 WL 2156327, at *2 (S.D. Cal. May 22, 2008).

But even after a plaintiff satisfies the two initial requirements of indigence and a diligent attempt to obtain counsel, "he is entitled to appointment of counsel only if he can [also] show exceptional circumstances." *Bailey*, 835 F. Supp. at 552 (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)). Finding exceptional circumstances entails "an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (quoting *Wilborn*, 789 F.2d at 1331); *see also Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

### B. Discussion

First, the Court examines the threshold requirements that Plaintiff is indigent and has made a reasonably diligent effort to secure counsel. Here, the Court acknowledged Plaintiff's indigence when it granted Plaintiff's motion to proceed *in forma pauperis*.

Additionally, Plaintiff has made two attempts[1] to secure counsel. He has contacted the one attorney in Colton, California, who declined to represent him. ECF No. 3 at 3. Plaintiff also used an internet attorney referral service, but no attorneys responded. *Id*. Court must therefore determine whether Plaintiff can show exceptional circumstances justifying court-appointed counsel by examining the likelihood of Plaintiff succeeding on the merits and his ability to proceed without counsel. *Wilborn*, 789 F.2d at 1331; *Bailey*, 835 F. Supp. at 552.

### 1.   *Likelihood of Success on the Merits*

"A plaintiff that provides no evidence of his likelihood for success at trial fails to satisfy the first factor of the [exceptional circumstances] test." *Torbert v. Gore*, No. 14cv2911-BEN-NLS, 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016). Here, Plaintiff has not offered evidence in his motion suggesting that he is likely to succeed on the merits. *Bailey*, 835 F. Supp. at 552 (concluding likelihood of success not shown where the plaintiff did not present any evidence other than his own assertions to support his claims). Additionally, there is little before the Court regarding the merits of Plaintiff's case, other than assertions in his complaint.[2] ECF No. 1. Thus, at this early stage of the case, the Court cannot find that Plaintiff is likely to succeed on the merits. *See, e.g.*, *Bailey*, 835 F. Supp. at 552 (denying motion for appointment of counsel when plaintiff requested counsel two

---

[1] The Court questions whether Plaintiff's two attempts on one day constitute a "reasonably diligent effort." *Compare* ECF No. 3 at 3 *with Raya v. Barka*, No. 19cv2295-WQH-AHG, 2020 WL 5877848, at *2 (S.D. Cal. Oct. 2, 2020) (stating that Plaintiff made a reasonably diligent effort to secure counsel when he "contacted the Community Law Project, and has also called and emailed at least four attorneys in San Diego, four attorneys in Los Angeles, one attorney in Pasadena, and one attorney in San Francisco").

[2] That Plaintiff's complaint survived the Court's IFP screening process does not demonstrate that Plaintiff is likely to succeed at trial. *McGinnis v. Ramos*, No. 15cv2812-JLS-JLB, 2017 U.S. Dist. LEXIS 58507, at *6–*7 (S.D. Cal. Apr. 17, 2017) (stating that the Court's screening process under § 1915 "determin[es] whether a plaintiff stated a plausible claim . . . not whether a plaintiff will ultimately prevail on his alleged claim").

months after filing complaint, because plaintiff did not offer any evidence in the motion, and because it was too early to determine whether any of plaintiff's claims would succeed on the merits). Therefore, Plaintiff fails to satisfy the first "exceptional circumstances" factor that would support his motion for appointment of counsel.

### 2. *Ability to Articulate Claims Pro Se*

In his motion, Plaintiff does not cite any barriers to successfully articulating his claims. As. such, Plaintiff fails to demonstrate an inability to represent himself beyond the ordinary burdens encountered by others representing themselves *pro se*.

The Court does not doubt that Plaintiff, like most *pro se* litigants, finds it difficult to articulate his claims and would be better served with the assistance of counsel. It is for this reason that in the absence of counsel, federal courts employ procedures that are highly protective of a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that the pleadings of a *pro se* litigant must be held to less stringent standards than formal pleadings drafted by lawyers). Thus, as long as a *pro se* litigant is able to articulate his claim, as Plaintiff is here, the second "exceptional circumstances" factor that might support the appointment of counsel is not met.

### C. Summary

Although Plaintiff is indigent and made several efforts to obtain counsel, Plaintiff failed to show that exceptional circumstances require appointment of counsel. *See Escobedo v. Berryhill*, No. 19cv869-LAB-NLS, 2019 U.S. Dist. LEXIS 124475, at *5 (S.D. Cal. July 25, 2019) (denying motion for appointment of counsel when plaintiff "has not set forth any argument as to how her case meets the exceptional circumstances requirement. She has not put forth any argument or evidence to substantiate a likelihood of success on the merits of her claim, nor has she explained how the complexity of her case renders her incapable of articulating her own claims"). Thus, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 3) without prejudice.

/ /

/ /

### III. MOTION FOR DISABILITY BENEFITS (ECF No. 4)

Along with his complaint, Plaintiff also filed a motion to award Plaintiff disability insurance benefits. ECF No. 4. Aside from the cover page, the motion is identical to a portion of Plaintiff's complaint. *Compare* ECF No. 4-1 (instant motion) *with* ECF No. 1-5 (memorandum attached to complaint). Thus, the Court **DENIES** Plaintiff's motion as duplicative and premature.

The Court notes that Plaintiff will have an opportunity to submit a merits brief in support of his position in this case. After the complaint is served and Defendant answers by filing the administrative record, the Court will issue a briefing schedule with instructions and deadlines for the filing of Plaintiff's merits brief, Defendant's opposition brief, and Plaintiff's reply brief.

//
//

### IV. CONCLUSION

For the reasons set forth above, the Court orders the following:

1. Plaintiff's Motion for Leave to Proceed IFP (ECF No. 2) is **GRANTED**;

2. In accordance with Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d), the Court **DIRECTS** the Clerk to issue the summons and to send Plaintiff a blank United States Marshal Service ("USMS") Form 285 along with certified copies of this Order and his Complaint (ECF Nos. 1, 1-1, 1-2, 1-3, 1-4, 1-5). Once Plaintiff receives this "IFP Package," the Court **ORDERS** him to complete the Form 285 and forward all documents in the package to the USMS. Upon receipt, the USMS will serve a copy of the Amended Complaint and summons on Defendant as directed by Plaintiff on the USMS Form 285. The United States will advance all costs of service. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3)

3. Plaintiff's Motion for Appointment of Counsel (ECF No. 3) is **DENIED without prejudice**; and

4. Plaintiff's Motion for Disability Benefits (ECF No. 4) is **DENIED as duplicative.**

**IT IS SO ORDERED.**

Dated: November 30, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge